BINET *v.* GARCÍA, GUANICA CENTRALE, INTERVENOR.

APPEAL from the District Court of Mayagüez.

No. 751.—Decided May 3, 1912.

RECOVERY OF MONEY—DEMURRER—WAIVER OF DEMURRER ON GROUND OF NO CAUSE OF ACTION.—A demurrer on the ground that the complaint does not state facts sufficient to constitute a cause of action is never considered as waived, but on the contrary may be pleaded at any time, even for the first time on appeal, and although it is not pleaded the court may consider and decide it *moto propio* in all cases. When a demurrer on this ground is filed and withdrawn by the pleader before the court has passed it, it may be repleaded later without being considered as having been waived by its withdrawal.

ID.—SATISFACTION PLEADED—LIBERAL INTERPRETATION OF PLEADINGS.—The third allegation of the complaint in the case at bar reads as follows: ''The creditor having tried to collect this obligation in a friendly way, it has been impossible to do so.'' It was decided on appeal that such an allegation is sufficiently explicit for it to be understood that the breaking of the contract had been alleged. According to section 122 of the Code of Civil Procedure, allegations in pleadings should be construed liberally.

PRESUMPTIONS—PRINCIPLE AND AGENT—FALSE DOCUMENT.—Although it is true that according to paragraph 2 of section 101 of the Law of Evidence a principal cannot impeach the recital in a document signed by his agent if it is within the powers conferred upon him, this precept does not govern when it is alleged that the document was executed by collusion between the plaintiff and the agent for the purpose of defrauding the principal.

EVIDENCE—WEIGHT GIVEN IT BY TRIAL COURT—PASSION, PREJUDICE, OR PARTIALITY—GRAVE ERROR.—When the evidence is contradictory the weight given to it by the trial court will not be questioned unless it is shown that the judge was influenced by passion, prejudice, or partiality, or that grave error is manifest.

INTERVENTION—DECISION ON COMPLAINT IN INTERVENTION.—When a complaint in intervention is filed with the prayer that in case the defendant should be decreed to pay the plaintiff the intervenor's claim should have preference, the court does not commit error in not passing upon the conditional prayer of the complaint in intervention when the decree was not so against the defendant.

The facts are stated in the opinion.

*Mr. Pascasio Fajardo* for appellant.

*Mr. José de Diego* for respondent.

MR. JUSTICE ALDREY delivered the opinion of the court.

The object of the complaint in the case at bar is to recover a certain sum of money, and the following are all the allegations:

"First. That the defendant, a resident of this city, unmarried, of legal age, through her general attorney in fact, Mr. Isidro F. Sanjuro, borrowed from the plaintiff herein, on March 31, 1909, the sum of $5,000, signing an obligation which reads as follows:

" 'For $5,000. I promise to pay to the order of Mr. José M. Binet the sum of $5,000, value received, which sum will be paid at the rate of $1,000 on the 31st day of March in the years 1910 to 1914 inclusive, plus the interest at 12 per cent per annum. It is understood that upon the maturity of one of the instalments, if the same is not paid, the other instalments will be considered as due and the creditor at liberty to claim the full amount of the debt. The debtor expressly submits himself to the district court for the judicial district of Mayagüez in case of any judicial claim made by reason of this obligation. Mayagüez, March 31, 1909. Dolores García Sanjuro, by Isidro F. Sanjuro.'

"Second. Said obligation, as may be seen from a perusal of the same, is due since the 31st of March last.

"Third. The creditor having tried to collect this obligation in a friendly way, it has been impossible to do so."

The defendant demurred to the complaint on the ground that it did not allege sufficient facts to constitute a cause of action, but, having withdrawn said demurrer, she then filed an answer denying the facts alleged in the complaint, and setting forth that the note which was the foundation of the suit was fictitious and simulated and executed with the only purpose of injuring the defendant through a conspiracy between the plaintiff and the party who subscribed the document.

In this case the corporation, Guánica Centrale, filed a petition for intervention, praying that in case judgment should be rendered in favor of the plaintiff it should be decreed that the intervening corporation had a preferential and prior right to collect from the defendant a certain sum of money.

A trial having been held, at which both the plaintiff and the defendant introduced their evidence and admitted the truth of the facts alleged by the intervening corporation, the attorneys for the parties argued their case, and the defendant then filed the demurrer which was presented at the outset of this action and which she withdrew afterwards to file an answer.

Judgment was rendered on April 17, 1911, dismissing the complaint, with costs to the plaintiff.

This judgment was based, in accordance with the written opinion of the judge of the trial court, on the ground that the demurrer pleaded should be sustained because the complaint did not allege sufficient facts to constitute a cause of action against the defendant; and, further, because the evidence was in favor of the defendant, and the court by it had been led to the conviction that the obligation which is the object of this suit is simulated, it being untrue that the plaintiff had delivered to Mr. Fernández Sanjuro the sum

which he now claims from the grantor of the power of attorney to said gentleman.

An appeal from said judgment having been taken by the plaintiff, he filed his brief wherein he assigns as the first error the consideration given by the court below to the demurrer filed during the final arguments of the case, after the defendant had waived her right to that demurrer and which she had withdrawn when it was filed for the first time. It was a general demurrer based on the ground that the complaint did not allege sufficient facts to constitute a cause of action, which, the same as the demurrer for lack of jurisdiction, can never be waived; in accordance with section 109 of the Code of Civil Procedure said demurrer may be taken at any time, even on appeal for the first time, and although not taken the court may at all times consider it and decide it of its own motion. *Pérez Hnos.* v. *Oliver et al.,* 11 P. R. R., 381; *Bas* v. *Ferran,* 14 P. R. R., 181; *López* v. *López et al.,* 15 P. R. R., 706; *Sucs. of José Martínez* v. *Tomás Dávila & Co.,* decided Feb. 24, 1912.

Such being the law and the jurisprudence the trial court did not commit the error assigned, because the withdrawal of that demurrer before it was passed upon by the court does not prevent it from being filed afterwards.

Let us then examine the complaint to determine whether it contains the defect alleged in the demurrer pleaded to it and based on the lack of allegation of nonpayment.

It is true that in every action for the performance of a contract the nonfulfilment should be alleged, because this is one of the facts that gives life to the action, because no performance can be compelled when its nonfulfilment does not appear, wherefore the nonpayment should be clearly alleged in every complaint for the collection of money. In the case at bar the third allegation of the complaint is sufficiently clear to convey the idea that the breach of the contract has been alleged, because its wording is equivalent to the allegation that the payment of the obligation was demanded from

the debtor but she refused to pay, and this section 122 of the Code of Civil Procedure, providing that allegations should be liberally construed, is given due consideration.

The maturity of the obligation and its nonpayment by the debtor having been alleged in the complaint, it contained all the necessary averments to base an action for the collection of money.

We come now to consider the other errors assigned, and by following a different order from the one in which they have been raised we begin with the evidence which was determined by the court, as follows:

. "In fact, the discredited testimony of Mr. Isidro Fernández Sanjuro, by its serious contradictions; the unsatisfactory statements of Mr. Binet, his manner of testifying, his statement that he had not the money to make the transaction and had to borrow half of it from Mr. Fajardo and the other half was taken from the savings made by his wife in order to lend it to Mr. Sanjuro, with the only security of a private document; the circumstance that said document was sworn to before a notary 14 months after the date on which it appears to have been subscribed; and the testimony of the other witnesses for the defendant, including Miss Sanjuro, who affirms that she never knew of that obligation; all of these facts, carefully scrutinized, lead us to the conviction that we are confronted in this case with a simulated obligation, it being untrue that the plaintiff had delivered to Mr. Sanjuro the sum claimed."

After a careful examination of the evidence which appears in the transcript of the record we believe that the court was right in weighing it as it did, and that it did not commit errors fifth and sixth assigned in the appellant's brief.

The first one of these two errors is based upon the ground that the private document containing the obligation in question having been introduced, it is direct evidence of the obligation, in accordance with paragraph 2 of section 101 of the Law of Evidence, which is a conclusive presumption, uncontrovertible, and the judge was bound to render judgment in accordance with said document.

Although it is true that, in accordance with the presumption referred to in the foregoing paragraph, the grantor of a power of attorney cannot attack the statement contained in a document subscribed by his attorney in fact within the scope of his power, this principle does not control when the allegation is made of the falsity of said document because of its having been executed by the plaintiff and the attorney in fact to defraud the grantor. Under this rule, and inasmuch as the answer contained the defense that the document which was the foundation of the complaint was a simulation between the plaintiff and the one who subscribed to it as attorney in fact of the defendant for the purpose of defrauding her, the court below did not commit any error in admitting other evidence tending to contradict the statements of said document. Moreover, the defendant had not waived that right, because her answer denying the authenticity of the promissory note contained in the complaint was sworn to.

It is alleged in the sixth assignment of error that the plaintiff acted in good faith and without any conspiracy when he made that loan to the attorney in fact of Dolares García Sanjuro.

The issue raised in this case was exactly whether or not the obligation sued on was simulated between the plaintiff and Isidro Fernández Sanjuro to injure the defendant, and this being a question of fact which the judge was called upon to decide in view of the evidence introduced, the conflict in the evidence was by him decided in favor of the defendant, holding that the simulation alleged really existed, which decision is supported by the evidence, and no passion, prejudice, nor partiality having been alleged nor shown to have existed on the part of the trial judge, and no serious error in weighing the evidence appearing upon the record, we must uphold the weighing of the evidence as made by the trial judge, with which we concur, and therefore this assignment of error is untenable.

The seventh assignment of error is based upon the ground

that the judgment is void because it does not pass upon the petition for intervention of the Guánica Centrale.

This assignment is also untenable because said corporation prayed that its petition should be decided in case judgment were rendered against the defendant; therefore judgment having been given for the defendant denying to the plaintiff his right to recover from the defendant, it was superfluous and impertinent for the court to make a declaration that the Guánica Centrale should collect anything before or after the plaintiff when the latter was decreed not to be entitled to recover.

We have left for our final consideration the second, third, and fourth assignments of error because, as they refer to the violation of the law controlling relations between the grantor and his attorney in fact by reason of obligations contracted by the latter, it is useless to consider them, since we have determined that the obligation sued on between the plaintiff and Fernández Sanjurjo was not true but simulated, and a simulated obligation cannot have any legal effect.

The weighing of the evidence made by the court below being sufficient to support the judgment appealed from, the same should be affirmed and the appeal, denied.

*Affirmed.*

Chief Justice Hernández and Justices MacLeary, Wolf and del Toro concurred.